FILED by DKTG [illegible] D.C.
APR 27 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CHAVEZ PROPERIES – W. BROWARD, L.P.,
d/b/a PARKING COMPANY OF AMERICA

07-60611

CASE NO. CIV-COHN

v.

MAGISTRATE JUDGE SNOW

CITY OF FORT LAUDERDALE, FLORIDA

______________________________________/

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

## INTRODUCTION

1. This action is brought pursuant to the "Takings Clause" of the Fifth Amendment of the United States Constitution, (U.S. Const. 5th Am.); Florida Statutes Section 70.001 (2006) (hereinafter, "The Bert Harris Act"); and Title 15 U.S.C. Sections 2 and 12, (hereinafter, "The Sherman Antitrust Act" and "The Clayton Act"). These claims involve administrative decisions improperly made by various branches of the City of Fort Lauderdale municipal government including, but not limited to, the City Commission and The Board of Adjustments (hereinafter "the City").

2. The Plaintiff, Chavez Properties (hereinafter "Plaintiff," "Chavez," or "Chavez Properties"), is contesting the City's requirement that he obtain variances for certain operations and development in the RAC-TMU of downtown Fort Lauderdale, which effected a regulatory taking under the Fifth Amendment of the United States Constitution, an inordinate burden on real property pursuant to the

Bert Harris Act, and an Antitrust violation under both the Sherman Antitrust and Clayton Acts.

**PARTIES**

3. The Plaintiff, Chavez Properties, is a foreign for-profit-corporation, doing business as "Parking Company of America," which operates ground-level, non-garage, parking facilities.
4. The Defendant, City of Fort Lauderdale, is a municipality within the State of Florida.

**JURISDICTION**

5. Jurisdiction is appropriate in the United States District Court for the Southern District of Florida because this case is a federal question involving the United States Constitution and Title 15 of the United States Code.
6. Jurisdiction is also appropriate in the United States District Court for the Southern District of Florida because the real property which is the subject of this action is situated in the Southern District of Florida.

**VENUE**

7. Venue is appropriate in the United States District Court for the Southern District of Florida, Broward Division because this the real property which is the subject of this action is situated in the Southern District of Florida.

**COUNT 1: 5TH AMENDMENT DUE PROCESS CLAUSE "REGULATORY TAKING"**

8. Plaintiff re-alleges paragraphs 1-2 as if fully set forth herein.
9. Chavez Properties had both an existing use and a vested right to a specific use of the "500 Broward Boulevard" property for the following reasons:

a. Chavez Properties is the owner in fee simple of the "500 Boulevard Property;"

b. Chavez Properties purchased the property subject to the City's zoning and land development regulations, zoned as RAC-TMU, which per Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.14(7)(h) allows "Parking Facility" as an existing, permitted use;

c. Chavez Properties, pursuant to the City's mistaken belief and directions that particular set back and building wall variances were required in the RAC-TMU district, applied for and obtained said variances prior to operation of its business enterprise, "Parking Company of America;"

d. During the application process, the City was aware at all times that Chavez Properties operated a parking facility under the name "Parking Company of America," a nation-wide parking facility company, and that Chavez Properties was interested in purchasing and developing the property for use as a parking facility, and yet in order to accomplish the City's objectives of new and attractive development, permitted the Plaintiff to commence development, at which point the Plaintiff, in reliance on City officials' statements, invested substantial dollars in beautifications and renovations;

e. Annual taxes for the "500 Broward Boulevard" property had increased five-fold due to the use of the property, which Chavez Properties has paid uninterrupted.

10. The City of Fort Lauderdale inordinately burdened the "500 Broward Boulevard" Property which effected a regulatory taking by:

a. Requiring Chavez to obtain five different variances, all of which were unnecessary for the specific use and conditions on the property;

b. After Chavez had been led by the City to believe that he needed five different variances in order to operate a "Parking Facility," he was issued the variances, just to later be denied the same variances;

c. The City has forced Chavez to discontinue business operations completely, hence depriving him of reasonable investment backed expectations;

d. Because of the size of the "500 Broward Boulevard" property (lot size is approximately 0.79 acres), no other reasonable or profitable development alternatives exist, and because Chavez is being prohibited from operating a parking facility, he is being deprived of reasonable investment backed expectation.

e. Even if the City of Fort Lauderdale was correct in requiring variances, the denial of variances in light of the prior grant of variances (pursuant to the City of Fort Lauderdale's "Image Street" regulation), does not "substantially advance legitimate state interests, particularly when there is a municipally owned parking facility adjacent to the condemned parking facility of the plaintiff. See Agins v. City of Tiburon, 447 U.S. 255, 260, 100 S. Ct. 2138, 2141, 65 L. Ed. 2d 106, 112 (1980); Lucas v. South

Carolina Coastal Council, 505 U.S. 1003, 1016, 112 S. Ct. 2886, 2894, 120 L. Ed. 2d 798, 813 (1992).

f. Additionally, the denial of such variances, if even required under Fort Lauderdale Municipal Ordinances, denies an owner "economically viable use of his land," by leaving him no profitable use for the land. See City of Tiburon, Lucas.

g. Chavez has exhausted all administrative procedures, demonstrating his compliance with Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.14 and has made various, drastic improvements to the property, to no avail.

11. The actions taken by the City of Fort Lauderdale effect a regulatory taking, requiring the payment of just compensation pursuant to the fifth amendment of the United States Constitution. U.S. Const. 5th Am.

12. Plaintiff seeks declaratory relief from this honorable court determining Chavez's rights in the real property at 500 Broward Boulevard, Fort Lauderdale, Florida.

13. Plaintiff seeks injunctive relief from this honorable court, requiring the City of Fort Lauderdale to immediately issue the necessary permits for the operation of a "Parking Facility" as permitted by Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.14, subject to Plaintiff's compliance with the Tree Requirement as set forth in Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.20 (H)(7).

**WHEREFORE** Plaintiff seeks damages for the fair market value of Plaintiff's business enterprise, including the value of real property, plant, and the enterprise itself, which has

remained defunct since the City disallowed further operation, should the court deny all equitable relief. Alternatively, Plaintiff seeks damages for the fair market value of Plaintiff's average monthly income for the interim period in which he has been unable to operate, should this court grant the declaratory and/or injunctive relief prayed for in Plaintiff's complaint.

**COUNT 2: FLORIDA STATUTE SECTION 70.001, "THE BERT HARRIS ACT"**

14. Plaintiff re-alleges paragraphs 1-2 and 8-13 as if fully set forth herein.
15. An action lies against the City under the "Bert Harris Act," Florida Statutes Section 70.001 (2006), because the City improperly and willfully deprived Chavez Properties of its vested property rights in the property at 500 Broward Boulevard, Fort Lauderdale, Florida ("500 Broward Boulevard"), by placing an inordinate burden, restriction, or limitation on the property rights of the Plaintiff.
16. Chavez has exhausted all administrative procedures, demonstrating his compliance with Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.14 and has made various, drastic improvements to the property, to no avail.
17. Chavez has exhausted all lawful administrative procedures which concluded on January 19, 2006, with a letter from the City of Fort Lauderdale declining to enter into settlement negotiations with the plaintiff at that time, notwithstanding Plaintiff's good faith attempt and submission of an appraisal describing Plaintiff's loss of specific investment backed expectations.
18. Plaintiff seeks declaratory relief from this honorable court determining Chavez's rights in the real property at 500 Broward Boulevard, Fort Lauderdale, Florida.

**WHEREFORE** Plaintiff seeks injunctive relief from this honorable court, requiring the City of Fort Lauderdale to immediately issue the necessary permits for the operation of a "Parking Facility" as permitted by Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.14, subject to Plaintiff's compliance with the Tree Requirement as set forth in Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.20 (H)(7). Plaintiff further seeks damages for the fair market value of Plaintiff's business enterprise, including the value of real property, plant, and the enterprise itself, which has remained defunct since the City disallowed further operation, should the court deny all equitable relief. Alternatively, Plaintiff seeks damages for the fair market value of Plaintiff's average monthly income for the interim period in which he has been unable to operate, should this court grant the declaratory and/or injunctive relief prayed for in Plaintiff's complaint.

## COUNT 3: ANTITRUST VIOLATIONS OF THE SHERMAN ANTITRUST ACT AND THE CLAYTON ACT

19. Plaintiff re-alleges paragraphs 1-2 and 8-18 as if fully set forth herein.
20. Defendants required Plaintiff to obtain variances, or in the alternative, denied Plaintiffs of variances, with the specific intent to cause a monopoly in favor of the City of Fort Lauderdale by permitting a municipally owned garage to operate adjacent to Plaintiff's parking facility, in violation of 15 U.S.C. § 2 (2006), "The Sherman Antitrust Act" and 15 U.S.C. § 12 (2006), "The Clayton Act."
21. Defendants attempted to secure a monopoly by disallowing Plaintiff to continue operating as a parking facility, when in fact Defendants permitted another municipally owned parking facility to continue in existence after Defendants

condemned Plaintiff's parking facility and shut it down indefinitely, in violation of "The Sherman Antitrust Act" and 15 U.S.C. § 12 (2006), "The Clayton Act."

22. Defendants have enjoyed the benefits of increased parking rates in a prime location of the city (zoned as "Regional Activity Center") since condemning Plaintiff's parking facility and have been unjustly enriched by its parking monopoly.

23. Defendants have attempted and have effectively created a monopoly in favor of Defendants with regards to items in interstate commerce – automobiles.

**WHEREFORE**, Plaintiff seeks injunctive relief from this honorable court, requiring the City of Fort Lauderdale to immediately issue the necessary permits for the operation of a "Parking Facility" as permitted by Code of Ordinances of the City of Fort Lauderdale, Florida, Section 47-13.14, and discontinue its attempts to acquire a parking monopoly in the immediate area surrounding Plaintiff's parking facility.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by jury in connection with these claims.

Dated: 27th of May, 2007

OSCAR E. SANCHEZ, ESQ.
LAW OFFICES OF OSCAR E. SANCHEZ, P.A.
ATTORNEY FOR PLAINTIFF
701 Brickell Key Boulevard, CU-1
Miami, Florida 33131
Florida Bar # 0140406
Telephone: (305) 416-0060
Fax: (305) 416-9310

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Chavez Properties - W.Broward, L.P.

**DEFENDANTS**
City of Fort Lauderdale

(b) County of Residence of First Listed Plaintiff ____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Oscar E. Sanchez, P.A.
701 Brickell Key Blvd, CU-1
Miami, Florida 33131

CIV-COHN
MAGISTRATE JUDGE SNOW

07-60611

Attorneys (If Known)
Adorno & Yoss, 888 S.E. 3rd Ave., Suite 500, Fort Lauderdale, FL 33316

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:2007cv60611/JIC/LSS

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

FILED by ____ D.C.
DKTG
APR 27 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding ☐ 2 Removed from State Court ☒ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☒ YES ☐ NO b) Related Cases ☐ YES ☒ NO
JUDGE COOKE DOCKET NUMBER 06-61749

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**
Takings Clause if the 5th Amendment
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD
DATE 4/27/07

**FOR OFFICE USE ONLY**
AMOUNT 350.00 RECEIPT # 958731 IFP